_____ FILED  _____ ENTERED
_____ LOGGED  _✓_ RECEIVED

AUG - 5 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NWANKWOALA, EMENIKE C.
    Petitioner

v.

    Civil No.   **PJM 13-0446**
    Criminal No. **PJM 10-0179**

UNITED STATES OF AMERICA

### MEMORANDUM OPINION

Petitioner Emenike Charles Nwankwoala has filed a *pro se* Motion to Vacate his Sentence under 28 U.S.C. § 2255 (Dkt. 57), and the Government has filed an opposition (Dkt. 60). For the reasons discussed below, the Court **DENIES** Petitioner's Motion to Vacate under 28 U.S.C. § 2255.

### I. Background

Petitioner entered a plea agreement with the Government on April 12, 2010, under which he pled guilty to exportation of arms, exportation of controlled goods, and delivery of a firearm to a common carrier without notice. He was sentenced to 37 months of imprisonment on each count to run concurrently, and 24 months of supervised release on each count to run concurrently. He was released following sentencing and instructed to self-surrender 45 days later to the Bureau of Prisons ("BOP") for commencement of his sentence, which he did in timely fashion.

## II. Motion to Vacate Under 28 U.S.C. § 2255

Petitioner claims that his counsel was deficient for failing to request the Court at sentencing to consider awarding him credit for time spent on pre-trial release.[1]

To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984) (referred to as *Strickland*'s "performance" and "prejudice" prongs, accordingly).

The Supreme Court has made it clear that it is the Attorney General through the Bureau of Prisons, as opposed to the sentencing Court, who administers a defendant's sentence and determines what credit should be applied against it. *United States v. Wilson*, 503 U.S. 329, 334 (1992); *accord United States v. Stubbs*, No. 97-4948, 1998 U.S. App. LEXIS 13505, at *2–3 (4th Cir. June 24, 1998) (finding district court "clearly erred in calculating the credit against sentence" and ordering the BOP to apply it, as "only the Attorney General, through the [BOP], may compute credit.").

Moreover, a defendant is not entitled to credit towards his sentence for the time he spent released on bond, as opposed to being held in custody, regardless of the conditions placed upon such release. *See Reno v. Koray*, 515 U.S. 50, 50 (1995) ("[A] defendant admitted to bail, even on restrictive conditions, . . . is released" as opposed to detained, and thus not afforded credit for that time).

In view of the foregoing, it is fruitless for Petitioner to argue that counsel was ineffective by failing to request the Court to grant credit for time spent on pre-trial release. Apart from all

---

[1] Petitioner also argues that a downward departure in his sentence is warranted because he provided assistance to the authorities above and beyond what was required. However, Petitioner has already received a departure for substantial assistance pursuant to the Government's §5K1.1 request and the Court sees no reason to go beyond that.

else, the Court was well aware of Petitioner's time spent on pre-trial release, which is a standard occurrence, and chose not to consider it when imposing sentence.

For the foregoing reasons, Chase's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing § 2255 Cases provides that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered the record and finds that Petitioner has not made the requisite showing. Accordingly, the Court will not issue a certificate of appealability, and any such request is **DENIED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

August **1**, 2013